# EXHIBIT 1

SUMMONS - CIRCUIT COURT          SCR 101(d)                                                    3101 (Rev. 5/23)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT** **COUNTY OF DU PAGE**

| | |
|---|---|
| **DAVID HAYES, individually and on behalf of all others similarly situated,** <br> PLAINTIFF <br><br> vs <br><br> **THE KRAFT HEINZ COMPANY and KRAFT HEINZ INGREDIENTS CORP.** <br> DEFENDANT | **2023LA001257** <br> ——————— <br> **CASE NUMBER** <br><br> **SUMMONS** <br> **CIRCUIT COURT** <br> ☒ ORIGINAL ☐ ALIAS |

File Stamp Here

To each Defendant:  The Kraft Heinz Company, c/o: Corporation Service Co., 251 Little Falls Dr., Wilmington DE 19808

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

You are a party to a civil matter.  Read all documents attached to this Summons.  Typically, this means you must file an official document with the court, within the time stated on this Summons, called an "Appearance" and a document called an "Answer/Response".  Note the Answer/Response is not required for small claims and eviction cases unless ordered by the court.  If these documents are not filed on time the court may decide the case without hearing from you, and you could be held in default and lose the case.

Documents must be filed electronically with the court (e-filed), which requires an account be created with an Illinois e-filing service provider, see ilcourts.info/efiling.  If you are unable to e-file, you can obtain an exemption that allows filing in-person or by mail.

You may be charged filing fees.  If you are unable to pay them, you can file an Application for Waiver of Court Fees.  A judge will rule on your eligibility for a fee waiver.

The court may allow you to attend the first court date in this case by videoconference.  Visit 18thjudicial.org to find the Zoom link for this case on your court date.  Contact the Circuit Court Clerk's office at (630)407-8700 for more information.

Need more help? Visit ilcourthelp.gov or call/text Illinois Court Help at (883)411-1121 for information about going to court, including how to fill out legal documents. Also, free legal information and referrals are available at illinoislegalaid.org. Document forms referred to in this Summons can be found at 18thjudicial.org or ilcourts.info/forms.

¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al (883)411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than thirty (30) days after its date.

Date of Service: _____
To be inserted by officer on copy left with Defendant or other person.

Name **Steven G. Perry**                                    ☐ Pro Se
DuPage Attorney Number: **343850**
Attorney for: **Plaintiff, David Hayes**
Address: **707 Skokie Blvd., Suite 600**
City/State/Zip:   **Northbrook, IL 60062**
Telephone Number: **224-218-0857**
Email: **steven.perry@toddflaw.com**

WITNESS: **CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, at Wheaton, Illinois.
**11/21/2023 4:31 PM** MG

Clerk of the Eighteenth Judicial Circuit

Date Served: 11/29/2023
Time Served: 1:07
Server: SB 1000021L6

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS 60187-0707**

SUMMONS - CIRCUIT COURT          SCR 101(d)                                         3101 (Rev. 5/23)

## SHERIFF'S FEES

Service and return ................................................................ $ _____

Miles _____ ................................................ $ _____

**Total** ................................................................................ $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐    (a)    (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐    (b)    (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐    (c)    (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐    (d)    (Other service):

☐    (e)    (Unable to Serve):
By _____ ,    Deputy Badge Number: _____

---

Name of Defendant_____

Name of Person
summons given to _____

Sex_____ Race_____ Approximate age_____

Place of service_____

City , State _____

Date of service _____ Time_____

Date of Mailing_____

Special Process Server of_____

Name of Defendant _____

Name of Person
summons given to _____

Sex _____ Race _____ Approx. age _____

Place of service _____

City , State _____

Date of service _____ Time _____

Date of Mailing _____

Sheriff of _____ County

County Illinois License #_____

By _____

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS 60187-0707**

e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25309093
2023LA001257
FILEDATE: 11/21/2023 4:31 PM
Date Submitted: 11/21/2023 4:31 PM
Date Accepted: 11/22/2023 8:43 AM

**IN THE CIRCUIT COURT OF DUPAGE COUNTY, ILLINOIS**
**LAW DIVISION**

| | |
|---|---|
| DAVID HAYES, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. **2023LA001257** |
| v. | **CLASS ACTION COMPLAINT** |
| THE KRAFT HEINZ COMPANY, and KRAFT HEINZ INGREDIENTS CORP. | **JURY DEMANDED** |
| Defendants. | |

Now comes the Plaintiff, David Hayes ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendants, The Kraft Heinz Company, and Kraft Heinz Ingredients Corp. ("Defendants"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, and unjust enrichment, resulting from the illegal actions of Defendants, in intentionally labeling their Products as containing no artificial preservatives, when they contain the synthetic preservatives sodium phosphate and sodium triphosphate. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

2.      Plaintiff is an individual who was at all relevant times residing in Bloomingdale,
Illinois.

3.      Defendant The Kraft Heinz Company is a Delaware corporation, whose principal
place of business is located in Chicago, Illinois.

4.      Defendant Kraft Heinz Ingredients Corp is a Delaware corporation, whose principal
place of business is located in Chicago, Illinois

5.      At all times relevant hereto, Defendants were engaged in the marketing and sale of
macaroni and cheese products.

## FACTS COMMON TO ALL COUNTS

6.      Defendant advertises, markets, sells, and distributes macaroni and cheese
throughout Illinois and the United States.

7.      During the Class Period Defendant sold the following Kraft Macaroni and Cheese
products (the "Products") labeled, marketed, and advertised as containing "No Artificial
Preservatives", but which actually contained sodium phosphate and sodium triphosphate:

     a)  Original flavor;

     b)  Original Flavor, Sponge Bob Square Pants shapes;

     c)  Original Flavor, Paw Patrol shapes;

     d)  Original Flavor, Unicorn shapes;

     e)  Original Flavor, with cauliflower;

     f)  Original Flavor, with whole grans;

     g)  Original Flavor, with spirals;

     h)  White Cheddar Flavor;

2

    i)   Deluxe Four Cheese Flavor;

    j)   Original Flavor, Easy Mac;

8.      All of the Products listed above are substantially similar because each Product is an oat milk, each challenged label is the same "no artificial preservatives" label, each product contains the exact same challenged ingredients, and each Product is only differentiated by shape of pasta.

9.      The United Stated Food and Drug Administration ("FDA") defines the term chemical preservative as: "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. § 101.22.

10.    Sodium phosphate is also known as sodium dihydrogen phosphate.

11.    Sodium phosphate salts are produced by a variety of synthetic processes including, but not limited to, acid base reactions between phosphoric acid and sodium carbonate.

12.    The process to synthesize sodium phosphate and sodium triphosphate includes the following: tricalcium phosphate is purified phosphate rock, which is then reacted with sulfuric acid to form phosphoric acid and calcium sulfate, phosphoric acid is then reacted with sodium hydroxide to create sodium phosphate salts and water.

13.    Sodium phosphate salts are highly water-soluble inorganic salts and are added to foods to retard the deterioration thereof by preventing microbial growth and survival, lipid oxidation, and enzymatic browning to extend the shelf life of consumer food products.[1]

---

[1] National Academies of Sciences, Engineering, and Medicine. Strategies to Reduce Sodium Intake in the United States, https://nap.nationalacademies.org/catalog/12818/strategies-to-reduce-sodium-intake-in-the-united-states.

3

14. In basic terms, sodium phosphate salts extends the shelf-life of the Products by creating an environment inhospitable to bacteria growth.

15. Based on the forgoing allegations, sodium phosphate salts are artificially produced chemicals that retards the deterioration consumer products. Therefore, sodium phosphate salts are artificial chemical preservatives.

16. On August 14, 2023, Plaintiff purchased a Product labeled, marketed, and sold as containing "no artificial preservatives", from a Walmart located at 314 West Army Trail Road, Bloomingdale, Illinois.

17. Plaintiff, and reasonable consumers, understand that products labeled as containing "no artificial preservatives" will not contain any artificial preservatives.

18. Reasonable consumers, and Plaintiff, understand the term artificial based on common parlance, such that "artificial' means "made by people."[2]

19. Reasonable consumers, and Plaintiff, understand the term preservative based on common parlance, such that "preservative" means "a chemical used to stop food from decaying".[3]

20. Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the contents of the Products.

21. By making false and misleading claims about the contents of its Products, Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

22. Therefore, Plaintiff has been deprived of her legally protected interest to obtain true and accurate information about his consumer products as required by law.

---

[2] Cambridge English Dictionary, s.v. "artificial," accessed November 21, 2023, https://dictionary.cambridge.org/us/dictionary/english/artificial.
[3] Cambridge English Dictionary, s.v. "preservative," accessed November 21, 2023, https://dictionary.cambridge.org/us/dictionary/english/preservative.

4

23. As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would not contain artificial preservatives.

24. As a result of Defendant's fraudulent labeling, Plaintiff and the Class paid a price premium for premium Products, but instead received non-premium Products.

25. Plaintiff and the Class purchased Defendant's Products because Defendant's advertising claimed that the Products did not contain artificial preservatives.

26. Plaintiff would not have been able to understand that the Product he purchased contained an artificial preservative without an advanced understanding of chemistry.

27. Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as containing "no artificial preservatives", Plaintiff could not have known that the Product contained an artificial preservative.

28. Plaintiff was unaware that the Product contained an artificial preservative when he purchased it.

///

///

///

///

///

///

//

//

//

29.     The following are examples of Defendant's misleading labels:





30.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they ingest.

Case: 1:23-cv-16596 Document #: 1-1 Filed: 12/07/23 Page 10 of 20 PageID #:21

31.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as containing "no artificial preservatives" was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased contained an artificial preservative unless Defendant expressly told them.

32.     On information and belief, Defendant did know that Products contained artificial preservatives but chose to label the Products with "no artificial preservative" labeling because it did not believe its customers were well educated enough to know the difference.

33.     On information and belief, Defendant employs professional chemists to create the chemical formulas of the Products, therefore, Defendant through its employees knew or should have known that sodium phosphate and sodium triphosphate retard the deterioration of food products and are therefore chemical preservatives.

34.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

   a.     Lost money;

   b.     Wasting Plaintiff's time; and

   c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

35.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

7

36.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

37.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

a.     Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

b.     There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

i.     Whether Defendant disseminated false and misleading information by claiming the Products contained "no artificial preservatives";

ii.     Whether the Class and Sub-Class members were informed that the Products contained artificial preservatives;

iii.     Whether the Products contained artificial preservatives;

iv.     Whether Defendant's conduct was unfair and deceptive;

v.     Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

8

vii.   Whether there should be a tolling of the statute of limitations; and

viii.   Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.   Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.   Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.   Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.   This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.   This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

9

h.  Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

38.  Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

39.  The size and definition of the Class and Sub-Class can be identified by Defendant's own records.

## COUNT I
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

40.  Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 39 above as if fully reiterated herein.

41.  Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

42.  Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

43.  815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

10

44. Through its representation that the Products contained no artificial preservatives, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

45. 815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

46. In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

47. Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

48. By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

11

a.   An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.   Judgment against Defendant in an amount to be determined at trial;

e.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.   Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.   Any other relief deemed just and proper by this Court.

### COUNT II
### COMMON LAW FRAUD

49.   Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 39 above as if fully reiterated herein.

50.   Through its false statements that the Products contained no artificial preservatives, Defendant made false statements of material fact.

51.   At the time Defendant made its statements to Plaintiff that the Products did not contain artificial preservatives, it knew, or reasonably should have known, that the statements described above were false.

52.   At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

12

53.     Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Product he purchased contained artificial preservatives.

54.     As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

    a.  An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

    b.  An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

    c.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

    d.  Judgment against Defendant in an amount to be determined at trial;

    e.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

    f.  Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

    g.  Any other relief deemed just and proper by this Court.

///

## COUNT III
## UNJUST ENRICHMENT

55.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 39 above as if fully reiterated herein.

56.     Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

57.     Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products contained "no artificial preservatives".

58.     Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products contained artificial preservatives.

59.     Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

   a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

   b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

14

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

DAVID HAYES

Attorney for Plaintiff
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com

15

Steve G. Perry
Attorney for Plaintiff
DuPage County Firm No.: 343850
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

16

DEMAND FOR A JURY TRIAL                                                                  2123 (Rev. 1/23)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | |

DAVID HAYES, individually and on behalf
of all others similarly situated,

PLAINTIFF / PETITIONER

vs

THE KRAFT HEINZ COMPANY and
KRAFT HEINZ INGREDIENTS CORP.

DEFENDANT / RESPONDENT

**2023LA001257**

**CASE NUMBER**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25309093
2023LA001257
FILEDATE: 11/21/2023 4:31 PM
Date Submitted: 11/21/2023 4:31 PM
Date Accepted: 11/22/2023 8:43 AM
MG

File Stamp Here

## JURY DEMAND

TO: **CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court

The ☒ Plaintiff/Petitioner       in the above entitled cause demands a jury for the trial of said cause.
    ☐ Defendant/Respondent

This matter should be tried by a ☐ jury of six
                                  ☒ jury of twelve

Plaintiff, David Hayes
Printed Name(s) of Parties Demanding Jury

Signature of Attorney/Pro Se

Name: **Steven G. Perry**                  ☐ Pro Se

DuPage Attorney Number: **343850**

Attorney for: **Plaintiff, David Hayes**

Address: **707 Skokie Blvd., Suite 600**

City/State/Zip: **Northbrook, IL 60062**

Telephone Number: **224-218-0857**

Email: **steven.perry@toddflaw.com**

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60187-0707**